UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UFCW LOCAL 1500 PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>MARISSA MAYER, et al.,<br><br>Defendants. | Case No. 16-cv-00478-RS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |

## I. INTRODUCTION

This shareholder derivative action seeks to hold individual Yahoo, Inc. directors and officers ("the individual defendants") liable on multiple theories, all predicated on Yahoo allegedly acting as an investment company without registering as such with the Securities and Exchange Commission ("SEC," "Commission"), in violation of the Investment Company Act of 1940 ("ICA"). Plaintiff UFCW Local 1500 Pension Fund also asserts one direct claim against Yahoo on the basis of the same allegations. Plaintiff's complaint has been dismissed without prejudice once, and all defendants again move for the dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for February 16, 2017, is vacated. Because plaintiff's second amended complaint ("SAC") fails to repair the defects identified in the prior order, it is dismissed with prejudice.

## II. BACKGROUND

The factual background of this action was chronicled in the first order of dismissal and needs no substantial restating here. *See* First Order of Dismissal at 1-4. In short, plaintiff alleged Yahoo had lost the protection of a 2000 SEC order exempting it from registering as an investment

company under the ICA, and that Yahoo had thus operated illegally as an unregistered investment company since at least 2013. According to plaintiff, Yahoo violated a condition of the exemption requiring Yahoo to use its cash and Cash Management Investments for bona fide business purposes by investing in Chinese e-commerce company Alibaba in 2005, thereby rendering the exemption void.

On June 10, 2016, Yahoo and the individual defendants filed motions to dismiss the first amended complaint, raising a host of defenses to plaintiff's claims. The motions were granted on October 19, 2016, for a variety of reasons ― most importantly on the grounds that a federal court is not empowered to find, at the behest of a private litigant, that a company has lost the protection of an ICA registration exemption. From that basic premise, all of plaintiff's claims failed as a matter of law.

On November 11, 2016, plaintiff filed a motion for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9, seeking to present arguments based on a 2011 SEC document that purportedly compelled a different answer to the question of whether the Court could find, at plaintiff's behest, that Yahoo violated a condition of its exemption and therefore lost the exemption's protection. In the motion, plaintiff represented that, "in the interest of judicial economy, Plaintiff [would] not file an amended complaint should the Court deny Plaintiff's motion for leave to file a motion for reconsideration and fail to grant the substantive relief sought herein." Mot. for Leave at 6. On November 15, defendants filed a response in opposition to the motion for leave, and on November 17 plaintiff voluntarily withdrew the motion.

Plaintiff filed the SAC on November 18, 2016, repeating the six claims already raised and adding a derivative claim against the individual defendants for contract rescission under "federal common law." Although the SAC adds some new factual allegations, its obvious primary purpose is to introduce a new *legal authority*, the 2011 SEC document plaintiff first raised in its abortive reconsideration motion. *See* Office of Inspector General: Office of Audits, U.S. Securities and Exchange Commission, *Oversight of and Compliance with Conditions and Representations Related to Exemptive Orders and No-Action Letters*, Report No. 482 (2011) (hereinafter "Report

No. 482").

## III. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in a complaint. Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## IV. DISCUSSION

Although the SEC has never revoked Yahoo's exemption order, plaintiff argues the exemption is no longer valid because Yahoo violated one of the exemption's conditions by making an investment in Alibaba that was not for "bona fide business purposes." Thus, plaintiff argues Yahoo was required to register as an investment company under the ICA, and that in failing to do so it operated as an unregistered investment company in violation of the ICA. Because all of plaintiff's claims for relief turn on Yahoo's failure to register as an investment company when the ICA allegedly required it to do so, the overarching legal question in deciding this motion is whether a court is empowered to find, at the behest of a private litigant, that a company has lost the protection of a registration exemption. This is precisely the question that was at issue in deciding defendants' first motions to dismiss, and it invites precisely the same answer: According to the ICA, it is only for the SEC, and not a federal court, to revoke an exemption and deem a company an unregistered investment company forbidden from engaging in interstate commerce. *See* First Order of Dismissal at 10-15. Accordingly, plaintiff's claims must be dismissed for lack of a cognizable legal theory. *Navarro*, 250 F.3d at 732.

Plaintiff attempts to avoid this outcome by pointing to Report No. 482, a memorandum from the SEC Office of Inspector General to the SEC Division of Investment Management and other divisions. The report provides results of a "review of the SEC's oversight of and compliance with the conditions and representations related to exemptive orders and no-action letters" and "five recommendations [to] enhance the [SEC's] oversight of compliance with conditions and representations in exemptive orders and no-action letters." Report No. 482 at ii. Report No. 482 documents that staff at the SEC Division of Corporation Finance consider "exemptive orders . . . not applicable if the conditions . . . have not been adhered to, i.e., they are 'self-executing.'" *Id.* at 14.[1] Plaintiff seizes on this "self-executing" description to argue that the violation of an exemption condition automatically renders an exemption invalid without any further action by the SEC.

Plaintiff raised essentially the same argument in response to defendants' first motions to dismiss, and it was no more successful then than it is now:

> [P]laintiff references two SEC documents it says show a registration exemption is void whenever the recipient company fails to comply with its terms and conditions, even if no formal revocation order has been issued. *See Del. Invs. Dividend & Income Fund, Inc., et al.*, Release No. IC-27475; 812-12420, 2006 WL 2570218, at n.3 (Sept. 8, 2006) ("The Commission also reiterates that any exemption provided by an order issued under the Act is available only to a person that complies with the terms and conditions set forth in the application based on which the exemption was granted."); Clearstream Banking, S.A.; Notice of Filing of Application to Continue an Existing Exemption from Clearing Agency Registration, Exchange Act Release No. 53851, 2006 WL 1438715, at *2 (May 23, 2006) ("The 1997 Exemptive Order was based upon representations and facts contained in Cedel's Form CA-1 and other information known to the Commission regarding the substantive aspects of Cedel's application, including the ownership structure and corporate governance. As a result, changes in the representations and facts as then existed and were presented to the Commission require a modification to the 1997 Exemptive Order."). Although these documents support the notion that exemptions are not eternal, and are subject to the exempted company's compliance with their terms,

---

[1] The Division of Corporation Finance "provides exemptive relief under the securities registration and reporting sections of the Exchange Act." Report No. 482 at 3. The Division of Investment Management "provides exemptive relief under the Investment Company Act," *id.*, and issued Yahoo's exemption in 2000.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
CASE NO. 16-cv-00478-RS
4

they say nothing about the ability of private litigants to compel a court to find that a company has lost the protection of an exemption. If anything, they support the contrary notion: that it is the province of the SEC to determine when a company is no longer entitled to a registration exemption and thereby revoke it.

First Order of Dismissal at 13-14. Although Report No. 482 introduces the "self-executing" language, it does nothing to further plaintiff's case because it nowhere indicates a private litigant can compel a court to find that a company has lost the protection of an exemption.[2] Because the SEC never revoked Yahoo's registration exemption, Yahoo never operated as an unregistered investment company, and plaintiff's claims fail as a matter of law.[3]

Defendants argue that, if Report No. 482 stood for the proposition that an ICA exemption could be revoked by a court without any SEC action, it would therefore be inconsistent with the unambiguous language of the ICA and thus due no *Chevron* deference. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Likewise, defendants argue Report No. 482 would be due no *Chevron* deference in any event, because it is not a regulation or legislative regulation that was subject to notice and comment as mandated by the Administrative Procedure Act. They also argue Report No. 482 would not be entitled to *Auer* deference because it is not an agency's interpretation of its own regulation, *see Auer v. Robbins*, 519 U.S. 452 (1997), and that the report cannot be a valid regulation at all because neither the Division of Investment Management nor its staff has been delegated authority to enact regulations causing an ICA exemption to become inoperative without SEC action. Because Report No. 482 is of no assistance to plaintiff's case, it is neither necessary nor appropriate to reach these arguments.

The parties also dispute whether plaintiff adequately alleges Yahoo violated a condition of

---

[2] It is worth emphasizing that Report No. 482 uses the "self-executing" language in reference to Division of Corporation Finance exemptions, rather than Division of Investment Management exemptions. Yahoo's exemption was issued by the Division of Investment Management.

[3] Because plaintiff asks the Court to revisit a prior legal holding with the benefit of a previously unadvanced legal authority, plaintiff should have advanced its theory through a motion for leave to file a motion for reconsideration, rather than an amended complaint. *See* Civil Local Rule 7-9. Even if plaintiff had done so, however, the result would have been the same.

its exemption, whether contract rescission is an independent cause of action, and whether plaintiff adequately states claims against defendants Goldman and De Castro. Because plaintiff's claims all fail as a matter of law, these matters also need not be resolved.

## V. CONCLUSION

For the foregoing reasons, defendants' motion is granted and, as any further leave to amend would be futile, all of plaintiff's claims against all defendants are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: February 10, 2017

_____
RICHARD SEEBORG
United States District Judge